United States District Court
Southern District of Texas
**ENTERED**
January 15, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ERNESTO GONZALEZ-SEGURA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:15-CV-84 |
| | § | |
| LORETTA E. LYNCH., | § | |
| | § | |
| Defendant. | § | |

## ORDER

There are several motions pending before the Court. After considering the motions, record, and relevant authorities, the Court rules as follows below.

### I. Motions for Leave to Designate Expert Witnesses

First, the Court considers the "Unopposed Motion for Leave to File Designation of Expert Witness,"[1] filed by Ernesto Gonzalez-Segura ("Plaintiff") and "Defendant's Unopposed Motion for Leave to Designate Expert Witness,"[2] filed by Defendant ("the Government"). Because both motions are unopposed, the Court considers them as soon as practicable.[3] By such motion, each party requests leave to designate expert witnesses so as to comply with Federal Rule of Civil Procedure 26.[4] Each party has attached to their motion designation of an expert witness.[5]

Plaintiff and the Government each cite to Federal Rule of Civil Procedure 15(a) as support for their respective motions. However, Rule 15(a) pertains to amendment of *pleadings*.

---

[1] Dkt. No. 29.
[2] Dkt. No. 31.
[3] LR7.2 of the *Local Rules of the United States District Court for the Southern District of Texas*.
[4] Dkt. No. 29 at ¶4; Dkt. No. 31 at p.1.
[5] Dkt. No. 29, Exh. 1; Dkt. No. 31, Exh.1.

In turn, Rule 7(a) identifies "pleadings" that are allowed. Rule 7(b) then provides that all other requests for a court order must be made by "motion." So, while Rule 15(a) pertains to extension of time to amend pleadings, Rule 6(b) governs extensions for other deadlines.

Under Rule 26(a)(2)(D)(i), absent a court order or stipulation, parties are required to disclose expert witnesses within ninety days of trial. On November 5, 2015,[6] the Court set this case for a bench trial on January 20, 2016, after parties agreed that sixty days was sufficient to prepare this case for trial.[7] Parties request leave from the Court so as to comply with the requirements of Rule 26. Under Federal Rule of Civil Procedure 6(b), the Court applies the "good cause" standard to motions for extensions of time made before the deadline for the relevant act, a standard lenient by comparison to the "excusable neglect" standard applied to such motions made after the deadline. Because this request was made before the deadline, the Court evaluates the motion under a "good cause" standard. After considering the motions and relevant authorities, the Court **GRANTS** the requested relief. Given the posture of this case, the parties' motions present good cause. Accordingly, the Court **GRANTS** both motions for leave to designate expert witnesses.

II. Government's Motion for Leave to File Motion for Summary Judgment

Next, the Court considers the self-styled "Defendant's Motion for Leave to File Motion for Summary Judgment,"[8] filed by the Government on December 18, 2015. The motion is opposed.[9] Pursuant to Local Rule 7.3,[10] a response to the motion was due from Plaintiff by

---

[6] Dkt. No. 30.
[7] *See* Minute Entry for status conference held 10/29/15.
[8] Dkt. No. 32.
[9] *Id.* at p. 8. ("Defendant consulted with Plaintiff's counsel who indicated that Plaintiff is opposed to the instant motion.").
[10] *Local Rules of the United States District Court for the Sothern District of Texas.*

January 8, 2016. However, Plaintiff never filed a response and the motion is now ripe for consideration.

In this motion, the Government seeks leave to file their summary judgment to "show that Plaintiff has failed to present a genuine issue of material fact for trial with regard to his legitimation prior to the age of twenty-one as required under former [Immigration and Nationality Act] § 309(a) – an essential element of his citizenship claim."[11] Under Rule 56, summary judgment is proper when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[12] Rule 56 also notes that a party may file a motion for summary judgment any time until thirty day after the close of all discovery, unless a different time is set by a court order or local rule.[13] In this case, there was no discovery deadline set by the court. Thus, the Government seeks permission from the Court to file a motion for summary judgment.

As the Government states, "the determination of whether Plaintiff has established legitimation under former INA § 309(a) . . . involves questions of law . . . [and] should be considered upon summary judgment so that the parties can avoid unnecessary expense of discovery on factual issues . . . which may be moot."[14] At issue in this case is whether a Mexican court's amendment to Plaintiff's birth certificate in 2007, and/or a land conveyance deeding property in Mexico to Plaintiff is sufficient to establish an essential element under the Immigration and Nationality Act § 309(a). To resolve these questions, the Court must look to applicable Mexican law. Rule 44.1 advises that when a federal court determines foreign law, its

---

[11] Dkt. No. 32 at p. 3.
[12] FED. R. CIV. P. 56(a).
[13] *See* FED. R. CIV. P. 56(b).
[14] Dkt. No. 32 at p. 6.

"determination must be treated as a question of law."[15] Thus, the Court is convinced that a motion for summary judgment at this stage is appropriate and **GRANTS** the Government's motion for leave.

Accordingly, the Government's motion for summary judgement is considered filed as of the date of this order, [16] along with the subsequently filed exhibits.[17] **Thus, Plaintiff has twenty-one days from the date of this order to file any response to the Government's summary judgment motion.**

### III. Motion for Extension of Trial

The Court now considers the unopposed motion to extend the trial date.[18] In light of the Court granting leave to the Government to file a motion for summary judgment, and in light of the potentially dispositive effect of the motion on this case, the Court finds that the interests of judicial efficiency recommend continuance of the upcoming trial.  Accordingly, the Court **CANCELS** the trial set for January 20, 2016.  Absent earlier disposition by the Court, the parties are hereby **ORDERED** to appear before the Court for a status conference on **Monday April 4, 2016 at 9:00 a.m.**

### IV. Note of Caution

As a final note, the Court observes that the Government has failed to comply with the Federal Rules of Civil Procedure with regard to the instant filings.  Rule 7(b)(2) of the Federal Rules of Civil Procedure provides that "[t]he rules governing captions and other matters of form in pleadings apply to motions and other papers."[19]  Rule 10(b) in turn provides that "[a] party must state its claims or defenses *in numbered paragraphs*, each limited as far as practicable to a

---

[15] FED. R. CIV. P. 44.1. *See Banco de Credito Indus., S.A. v. Tesoreria Gen.*, 990 F.2d 827, 838 (5th Cir. 1993).
[16] Dkt. No. 32 at Attachment 2.
[17] Dkt. Nos. 33-37.
[18] Dkt. No. 38.
[19] FED. R. CIV. P. 7(b)(2).

single set of circumstances."[20]  The Government's motions lack numbered paragraphs entirely, hindering the Court's reference to its arguments.  The Government's counsels must ensure that future submissions comply with the Federal and Local Rules.

    IT IS SO ORDERED.

    DONE at McAllen, Texas, this 15th day of January, 2016.

                                                 _____
                                                 Micaela Alvarez
                                                 United States District Judge

---

[20] FED. R. CIV. P. 10(b) (emphasis added).